IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:24-cr-75 |
| | ) | |
| MATTHEW IAN BRITT, | ) | |
| | ) | |
| Defendant. | ) | |

<u>SENTENCING POSITION OF THE UNITED STATES</u>

The United States by and through counsel, Assistant United States Attorney Devon E.A. Heath, files this Position on Sentencing and hereby represents that it has reviewed the Probation Office's Pre-Sentence Report ("PSR") and that it does not dispute any of the factors or facts set out herein.   For the reasons set forth *infra*, the United States respectfully recommends a sentence within the applicable advisory guidelines range for the defendant's conduct.   Specifically, the United States recommends a sentence of 240 months of imprisonment.

**Statutory Considerations**

The defendant pled guilty on December 11, 2024, to Count One of the Indictment, Attempted Coercion and Enticement of a Child, in violation of 18 U.S.C. §2422(b). The minimum mandatory sentence for Count One is ten (10) years in prison and the maximum penalty is life in prison. The Court may sentence the defendant to any term of imprisonment not less than 10 years up to life.

**Impact of the Plea Agreement**

The parties entered into a plea agreement and the United States acknowledges the

defendant's acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to USSG § 3E1.1(a). Additionally, because the defendant's timely notification of his intention to enter a plea of guilty, permitted the United States to avoid preparing for trial and permitted the United States and the court to allocate their resources efficiently, the United States filed a motion for an additional point reduction under USSG § 3E1.1(b).

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a PSR which detailed the offense of conviction and the characteristics of the defendant. In calculating the offense level for the defendant, the probation office assigned a base offense level of 28 under U.S.S.G. § 2G1.3(a)(3). Additional enhancements were calculated as follows: A two-level enhancement was applied under U.S.S.G. § 2G1.3(a)(3); A two-level enhancement was applied under U.S.S.G. § 2G1.3(b)(3)(A); and A two-level enhancement was applied under U.S.S.G. § 2G1.3(b)(4)(A)(i). This resulted in an adjusted Offense Level of 32. The defendant received a Chapter Four Enhancement. Therefore, the offense level is 37, U.S.S.G. § 4B1.5(a)(1)(B)(i). Applying the three-level reduction addressed above, the defendant's total offense level is 34.

The probation officer also calculated a criminal history level for the defendant. In assigning points to the prior convictions, the defendant received the following: Aggravated Sexual Battery (0); Trespassing (0); Carnal Knowledge of a Child 13 to 15 x3 (3), Felony Possession of Marijuana with Intent to Distribute (3), and Reckless Driving (0). A criminal history point calculation of six (6) establishes a criminal history category of III pursuant to U.S.S.G. Chapter 5, Part A. However, the defendant is a repeat and dangerous sex offender against minors, therefore, the Criminal History Category shall be the greatest of Criminal History Category determined under

Chapter Four, Part B, or Criminal History Category V, which in this case is V, U.S.S.G. § 4B1.5.

As a criminal history category V defendant with an offense level of 34, the defendant's sentencing guidelines range is 235 to 293 months.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the appropriate sentencing range is 240 months. The United States will now address the statutory factors that support its request for a sentence of 240 months.

A.    Nature of the Offense

A Task Force Officer (TFO) was operating in an undercover (UC) capacity posing as a thirteen (13) year old female child online, Jane Doe 1. The defendant began engaging in in conversation with Jane Doe 1. The defendant sent a picture of his erect penis. The conversation became sexual in nature and the defendant showed up at residence he believed Jane Doe 1 to reside in order to engage in sexual activity. After being mirandized, the defendant confirmed the chats were him and that he believed Jane Doe 1 was not 18 years or older.

The nature of the defendant's offense is notable and when considered in light of the specific facts agreed upon – as reproduced in the PSR (¶¶ 11 - 16) – the nature of the offense should weigh heavily upon the Court's consideration.

B.    History and Characteristics of the Defendant

The defendant is a 39-year-old male, born in Virginia Beach, Virginia. He reported his father was not part of his childhood because he did not know the defendant existed. The defendant reported finding him when he was 14 years old. The defendant reported being reared by a single mother under poor socioeconomic conditions with government assistance which resulted in moving frequently and living in communities with criminal activity. Although he reported a crime free childhood home, the defendant reported physical, emotional, and sexual abuse during his

formative years. The defendant reported that the sexual abuse was when he was an infant, then again when he was thirteen and working for a lawn company, and then when he was and adult and serving a sentence in the Virginia Department of Corrections (VADOC). The defendant reported having one maternal and two paternal half siblings and advised he only has a relationship with his paternal half siblings. The defendant was never legally married but has one adult child who lives with her mother. The defendant has no relationship with the child and was not part of her upbringing. The defendant reported the child's mother would not allow it. Other than one year spent in Massachusetts, the defendant has resided in the Virginia area, specifically the tidewater area. (PSR pg. 2 & ¶¶ 54 - 64).

The defendant reported hereditary heart-related issues but is not prescribed any medications. He reported living a holistic life and maintaining a strict diet. The defendant reported a history of mental and emotional health issues and advised he would benefit from mental health treatment. The defendant also reported substance abuse history and advised he would benefit from substance abuse treatment. (PSR ¶¶ 65 – 74).

The defendant advised he graduate from high school, with average grades and some disciplinary problems, including fighting, and skipping class. The defendant further reported that he was in special education programs due to suffering from several learning disabilities in reading, writing, and spelling. The defendant reported enrolling in three different colleges, but no degrees or certificates were revealed. The defendant also was part of several educational and vocational programs while in the VADOC. The defendant reported being sworn into the United States Army Reserves in 2004, but never went to boot camp due to legal issues. There is no confirmation of this. The defendant's employment record is laid out in PSR paragraphs 80 – 87. This includes a period of incarceration for a sex offense from 2016 – 2022. (PSR ¶¶ 75 – 87).

What is of most note regarding the defendant's history and characteristics is the defendant's past sexual crimes where he was given a decent term of incarceration. That consequence did not stop him from attempting to engage in the very same behavior. The defendant does report mental health and substance abuse struggles, finding the proper treatment for the defendant is important.

The defendant's criminal history is laid out *supra*.

C.    Need for Just Punishment

Thankfully, this time around the defendant was not actually engaging with a real minor child. However, the fact that he believed he was and was sending Jane Doe 1 photos of his penis, engaging in sexual conversations and then showed up at a residence he believed Jane Doe 1 to be in order to engage in sexual conduct is concerning to the United States. This is repeat behavior. Children are not safe around the defendant. Children are meant to be protected by adults, not victimized. While the defendant may believe that this incident is not as serious because there was no actual child, this behavior remains unacceptable. But what specifically triggers this sentencing factor is the attempted victimization of the most vulnerable. Choosing to be a destructive force in a child's life, warrants just punishment.

D.    Deterrence

The two types of deterrence at issue are general and specific.   On the issue of general deterrence, the public must have confidence that the conduct of the defendant is treated with the utmost seriousness. The public must look at the actions of the defendant; continuous and undeterred victimization and attempted victimization of children and know that such conduct commands a significant punishment.   The value of a safe childhood and protecting the children of our community is expressed in the sentence assigned to the defendant.   Those inclined to

consider committing a crime like that of the defendant must be made to pause in thinking about the consequences that follow.

As for specific deterrence, this is not the first time this defendant has been before a court, or even the second time. He continually is engaging in or attempting to engage in sexually inappropriate behavior with children. The United States has serious concern regarding the specific deterrence to this defendant as his behavior remained unchanged even after being incarcerated previously. The defendant should obtain proper treatment while serving an appropriate term of incarceration. Hopefully during this term of incarceration, the defendant will receive the treatment necessary for him to stop this type of behavior. A term of 240 months will give him time and resources while also protecting society from his uncontrolled urges.

E.    Need to Protect Society

The United States certainly has concerns regarding this defendant's lack of ability to control his conduct, and the harm this lack of control does to some of the most vulnerable. Society, particularly our children, need to be protected from this conduct and can be ensured that this conduct will not happen again at the hands of this defendant while incarcerated. The defendant likes to prey on children; children have a need to be protected from behavior like this.

F.    Avoiding Sentencing Disparities

There are no co-defendants or other sentences that warrant consideration in this case.

**Conclusion**

The United States respectfully request that this Honorable Court sentence the defendant to a term of imprisonment of 240 months. The United States submits that such a sentence is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to Title 18, U.S.C. § 3553(a).

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: _____/s/_____
Devon E.A. Heath
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
Devon.heath@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of May 2025, I electronically filed the foregoing with

the Clerk of Courts using the CM/ECF system, which will send notification of such filing (NEF)

to the following:

      Harry Harmon Esq
      5900 East Virginia Beach Blvd
      Suite 208
      Norfolk, Virginia 23502
      E-mail: harryharmonjr@gmail.com


And I hereby certify that I have e-mailed the document to the following non-filing user:


Nicole Pender
United States Probation Officer
Walter E. Hoffman United States Courthouse
600 Granby Street, Suite 200
Norfolk, Virginia


                   /s/
                 Devon E.A. Heath
                 Attorney for Government
                 United States Attorney's Office
                 One City Center
                 11815 Fountain Way, Suite 200
                 Newport News, Virginia 23606
                 (757) 591-4000 Office
                 (757) 591-0866 Fax
                 Devon.heath@usdoj.gov